## HARE v. FULLER.

1. A bailee of hogs, running at large in the range, may maintain an action of trespass for an injury to the hogs, as by injuring them with dogs, and splitting their hoofs, though none be killed.

Error to the Circuit Court of Talladega.

THIS action was commenced before a justice, to recover damages for unlawful injury of stock, viz: hogs, by the plaintiff, against the defendant in error. Judgment being given for the plaintiff, the defendant appealed to the Circuit Court. In that Court, the case came on to be tried, the amount claimed being under twenty dollars. It was proved that the plaintiff was the agent of one Rinehart, and as such had the management and possession of his stock of hogs, they not being penned up: Rinehart had left the country, leaving the plaintiff to control and take care of them. Some of the hogs had broken into the premises of the defendant, which was badly fenced, and the defendant had injured them with dogs, and by splitting their hoofs, to the amount of ten dollars. None of them were killed. The defendant objected that the warrant was defective, in not showing that the damages did not exceed twenty dollars, and that the plaintiff had not such a title as would enable him to maintain the action.

The Court gave judgment for the defendant, from which this writ is prosecuted, and which is now assigned for error.

W. P. CHILTON & BOWDON, for plaintiffs in error, cited Story on Bail. 73, 109, 110; 1 B. & A. 59; 2 Saunders, 47; 7 Term, 12; 2 Bulst. 306; 2 Taunton, 302; 1 Str. 505; 2 Bing. 173; 7 Cowen, 752; 1 Stew. 320; 8 Porter, 36; 5 Mass. 303; 1 Chitty, 71, 194-5; 1 B. & P. 47; 1 N. H. 289; 1 Ala. Rep. 157, 264; 2 Id. 494.

RICE, contra, cited 7 Por. 37; 1 Ala. Rep. 297; 7 Cow. 294; 8 Id. 137; 9 Ib. 687; 4 Johns. 84; 9 Id. 361; 9 Mass. 104, 265; 14 Id. 217.

ORMOND, J.—The only question upon the record, necessary to be noticed, is the right of the plaintiff to maintain the action. The argument upon this point is, that the plaintiff, as bailee, did not have such a possession as would enable him to maintain the action, and that if he did, a mere bailee cannot maintain an action for an injury to the property, although he may for an injury to the possession.

We think it indisputable, that the plaintiff had such a possession of the hogs, as would enable him to maintain an action for an injury done to the possession. He had, indeed, all the possession which the owner could have, of stock running at large in the range, and if he could not maintain the action for this reason, neither could the owner.

It is equally as clear, that he could maintain an action for an injury to the property, as well as for an actual taking, upon the ground that he is responsible to the owner, and that an injury to the property, is an injury to the possession. This is an ancient doctrine of the common law. "Every person who is answerable to another for a personal chattel in his possession, has such a special property in the chattel, as enables him to maintain an action of trespass, for the taking or *injuring* thereof, by a stranger." [6 Bac. Ab. Trespass, C. 565.] And a recovery, by either the bailee or the owner, would oust the other of his right of action. [Ib. 566.]

Authorities on the point, might be multiplied to an indefinite extent; it is only necessary to refer to those cited by the plaintiff's counsel. Let the judgment be reversed and the cause remanded.