# Heygood *v.* The State.

## *Larceny of an Outstanding Crop.*

1. *An indictment laying property in a servant is insufficient.*—A superintendent of another's plantation is the servant of the employer ; and an indictment for larceny, which charges that the corn stolen was the property of such superintendent, is insufficient.

APPEAL from the Circuit Court of Lowndes.
Tried before the Hon. JAMES Q. SMITH.

At the fall term, 1876, of the Circuit Court of Lowndes county, the defendant was indicted for the larceny of a part of an outstanding crop of corn, alleged to be the property of S. A. Satterwhite. The defendant pleaded, "not guilty."

It was proven that the defendant took and carried away a bushel of corn which grew, and was standing, on the plantation belonging to the estate of J. W. Cook, of which S. G. Jones' was the administrator. It was shown, also, that Jones did not live upon the premises, but resided in Lee county ; and that he employed one S. A. Satterwhite to superintend the cultivation of the plantation and to take care of the property.

Beyond this, Satterwhite had no interest in it. This was all the evidence in the case.

The defendant asked the following charge, which was in writing, but the court refused to give it, and the defendant excepted :

" If the evidence showed that said crop, a portion of which is alleged in the indictment to have been taken, was the property of the estate of J. W. Cook, and that S. A. Satterwhite had no other interest in said crop, except that he was employed and acted as superintendent of the plantation, in the management, cultivation and raising and gathering of said crop, then they cannot convict the defendant under this indictment."

CLEMENTS & ENOCHS, for appellant.—1. Satterwhite was merely the servant of S. G. Jones, the personal representative of the estate to which the crop belonged. His possession was the possession of Jones, and the court erred in refusing to give the charge requested.—2 East P. C. P. 652 ; Russ. & Ry. 412 ; 2 Hale's P. C. 181 ; 5 Gratt. 596 ; 53 Ala. 460.

JOHN W. A. SANFORD, Attorney-General, contra.

MANNING, J.—The objection alleged to the proceedings in the cause is that the ownership of the property charged to have been stolen, is in the indictment ascribed to one Satterwhite, while the evidence shows that he was only superintendent, for another, of the premises from which it was taken.

A bailee or person who has a special property in a chattel, may be alleged in an indictment for the larceny of it, to be the owner, when it was taken from his possession—but not a servant. A servant's possession is considered as that of the master or employer. The distinction though, between these relations is not always clear. It has also been suggested that, as larceny is always accompanied by a trespass (except in some cases of a peculiar kind, as larceny by a bailee), any person—and only a person—who could maintain the action of trespass for the taking of a chattel, may properly be alleged as the owner of it, in an indictment for the larceny of such chattel. And this is probably a good rule. But here, too, the question whether a person in the situation of Satterwhite could maintain trespass for the taking of the corn, alleged to have been stolen, is not free from difficulty. A servant can not maintain that action for a taking of the goods of his master. So the two questions seem in this case to be resolved again into one : Was Satterwhite a servant, or not, within the legal signification of the word ?

[Heygood v. The State.]

It was held in Massachusetts, that if a person is engaged under a contract "in an independent operation, not subject to the direction and control of his employer, the relation is not regarded as that of master and servant, but is said in modern phrase, to be that of contractor and contractee." *Forsyth v. Hooper*, 11 Allen, 419. In other cases, the relation may be that of bailor and bailee. This was held in *Hare v. Fuller* (7 Ala. 717), in which, "it was proved that the plaintiff was the agent of one Rhinehart, and as such, had the management and possession of his stock of hogs, they not being penned up : Rhinehart had left the country, leaving the plaintiff to control and take care of them." This court considered the plaintiff to be a bailee, and entitled to maintain trespass for injuries done to the hogs. See also, *Cox v. Easley* (11 Ala. 363), where, in opposition to rulings in Massachusetts and New York, it was here held that a person to whom a sheriff delivered goods taken by him in execution, upon a contract with security to have them forthcoming on the sale day, to be sold, had such a property in them as enabled him to maintain trespass against a third person for taking them away : Whence, contrary to *Commonwealth v. Morse* (14 Mass. 217), it follows, that such a bailee may properly be averred to be the owner of such goods in an indictment for stealing them. In these cases, the doctrine is recognized that a servant is not to be considered as having a special property. Was Satterwhite an employee of that class ?

A servant is one who is engaged not merely in doing work or services for another, but who is *in his service*, usually upon or about the premises or property of his employer, and subject to his direction and control therein, and who is, generally liable to be dismissed.

Hence a person, whom a railroad company employs to get out cross-ties, or build a section of their road, according to certain specifications and at a certain price, or whom a planter employs to build a house, or dig a ditch of certain dimensions upon terms agreed upon, is not a servant of his employer. But persons who are engaged as conductors, or other employees of railroad-trains, to assist in running them, and a person who is employed as superintendent of the business of a railroad company according to such schedules and arrangements or directions, as the company may from time to time prescribe, come within the definition laid down, and may properly be regarded as servants, within the legal meaning of that word.

[Coleman v. The State.]

In like manner the superintendent for another of a plan-- tation of the latter, is we think properly a servant of his employer. We understand him to be an overseer, one who is employed to carry on the business of a plantation accord- ing to the directions from time to time given by his employer, being bound in that capacity, to look well after and take good care to promote—the interests of the latter. And it has never, that we are aware of, been the practice, in legal pro- ceedings, to regard an overseer as having a special property in the things of which he had such supervision and control, or to consider him as authorized to sue in respect of them, in his own name.

According to our view of the law, the corn alleged to have been stolen by appellant, ought to have been described as property of Jones, the administrator of the estate to which it belonged.

Let the judgment be reversed and the cause be remanded.