**WILLIAMS v. STATE. (1 Div. 556.)**

(Court of Appeals of Alabama. Nov. 27, 1923.)

**1. Larceny ⊝32(3)—Ownership of property properly laid in bailee.**

Where legal title to stolen property was in E.'s wife but he was in control of the store and the subject of the larceny, ownership was properly laid in E. as bailee.

**2. Larceny ⬾47—Testimony of alleged owner that he was in control admissible.**

On a trial for larceny of goods alleged to be owned by E. but shown to be owned by his wife, his testimony that he was in control of the goods and the store from which they were stolen was not incompetent, irrelevant, or immaterial.

Appeal from Circuit Court, Washington County; John D. Leigh, Judge.

Guy Williams was convicted of petit larceny, and appeals. Affirmed.

Joe M. Pelham, Jr., of Chatom, for appellant.

The possession by the husband of the property was for the wife, and therefore her possession. A. G. S. v. Jones, 71 Ala. 487; 25 Cyc. 93; Jones v. State, 13 Ala. 153; Heygood v. State, 59 Ala. 49; Rollins v. State, 98 Ala. 79, 13 South. 280; Robinson v. State, 84 Ala. 434, 4 South. 774; Johnson v. State (Ala. Sup.) 13 South. 377; Johnson v. State, 100 Ala. 55, 14 South. 628.

Harwell G. Davis. Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Either the wife or the husband may be agent for the other. Payne v. State, 140 Ala. 148, 37 South. 74.

SAMFORD, J. [1] The ownership of the property stolen was laid in Pearce Elmore, when in fact the legal title was in his wife, who was the owner of the store. But, according to the testimony of Pearce Elmore, he was in control of the store and in control of the inner tubes, the subject of the larcey. If this was so, the ownership was properly laid in him as bailee. Williams v. State, 5 Ala. App. 112, 59 South. 528; Fowler v. State, 100 Ala. 96, 14 South. 860; Hare v. Fuller, 7 Ala. 717. One who has control of personal property is more than a mere servant of the owner as was the case in Heygood v. State, 59 Ala. 49.

[2] True this testimony was objected to upon the grounds that it was incompetent, irrelevant, and immaterial, none of which objections were well taken, and the testimony was not objected to on the ground of being a conclusion of the witness.

The question was one for the jury.

Let the judgment be affirmed.

Affirmed.