## JONES v. STATE.   (6 Div. 440.)

(Court of Appeals of Alabama.   April 22, 1924.)

1. Indictment and information ⚫⟳71—Larceny ⚫⟳30(1)—Indictment for petit larceny held not demurrable for vagueness, etc.

An indictment charging petit larceny, in that defendant feloniously took and carried away one set of truck tools, of the value of $15, the personal property of the Alabama Great Southern Railway Company, was not demurrable for vagueness, uncertainty, or indefinite description of property.

2. Larceny ⚫⟳28(3)—Indictment for petit larceny need not state place of theft.

An indictment for petit larceny need not state where the property was stolen from.

3. Larceny ⚫⟳41—Defendant had burden of explaining recent possession of stolen tools.

In a prosecution for petit larceny, proof of the alleged theft of a kit of tools, and that defendant was found in recent possession, placed upon defendant the burden of explaining such possession.

4. Larceny ⚫⟳68(2)—Reasonableness of defendant's explanation of recent possession of stolen tools for court trying case without jury.

In a prosecution for petit larceny, tried without jury, defendant having admitted that he put the stolen tools in his store behind the counter, and opportunity to commit the offense being shown, whether his explanation that he found the tools was reasonable was for the court.

Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge.

Lawson Jones was convicted of petit larceny, and appeals. Affirmed.

F. D. McArthur, of Birmingham, for appellant.

There was no proper identification of the articles alleged to have been stolen. Crane v. State, 111 Ala. 45, 20 South. 590; Buchanan v. State, 109 Ala. 7, 19 South. 410. Proof of a criminal charge involves proof that the act was done and that it was done by the person charged. Sanders v. State, 167 Ala. 88, 52 South. 417, 28 L. R. A. (N. S.) 536.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Asst. Atty. Gen., for the State.

The description of the stolen property was sufficient. Sharp v. State, 61 Neb. 187, 85 N. W. 38; State v. Spencer, 2 Pennewill (Del.) 225, 45 Atl. 399; Grant v. State, 55 Ala. 201. Recent possession of stolen goods and failure to explain raises a presumption of guilt. 1 Mayfield's Dig. 582; Thomas v. State, 15 Ala. App. 163, 72 South. 688; Leverett v. State. 18 Ala. App. 578, 93 South. 347; Jenks v. State, ante, p. 90, 95 So. 266.

BRICKEN, P. J.  The indictment preferred by a grand jury of Jefferson county against this appellant contained two counts. The first count charged petit larceny in that he feloniously took and carried away one set of truck tools, of the value of $15, the personal property of the Alabama Great Southern Railway Company, a corporation, etc. The second count charged that the defendant did buy, receive, conceal, etc., the same described property. He was tried by the court without a jury, and was by the court adjudged guilty as charged in the first count of the indictment.

[1, 2] The defendant demurred to the indictment upon the grounds that it was vague, indefinite, and uncertain, that it failed to sufficiently describe the alleged stolen property, and that it failed to allege the place from where said tools were stolen. The demurrers were overruled by the court, and properly so, as the indictment with sufficient certainty charged the defendant with petit larceny, the alleged stolen property was sufficiently described, and, the charge contained in the indictment being petit larceny, it is immaterial as to the place where said property was stolen from.

[3, 4] As stated, the trial of this defendant was had in the circuit court before the judge, without a jury. Numerous exceptions were reserved to the rulings of the court upon the admission of testimony, but none of these, in our opinion, injuriously affected the substantial rights of the defendant. We think there was sufficient evidence adduced to establish, by the required rules, the corpus delecti; that is to say, that the kit of tools in question had in fact been stolen as alleged. This being true, and as the undisputed, testimony showed that this defendant was found in the recent possession of said stolen goods, the burden, under the law, was placed upon him to explain such possession. Jordan v. State, 17 Ala. App. 575, 87 South. 433. This the defendant undertook to do by stating that "he had found the kit of tools on

Thirty-Second street just above the Seaboard shops as he was coming from his work." He admitted that he put the tools in his store behind the counter, where they were later found. The opportunity for the defendant to commit the offense was shown without dispute; therefore the question was presented as to whether or not his explanation of the possession of the recently stolen articles was a reasonable explanation of his possession thereof. The court decided this question adversely to defendant, and, as there was ample evidence to justify the court in so doing, this court, under the oft-announced rule, will not disturb such finding.

The judgment appealed from is affirmed.

Affirmed.