178 So. 238

### POOLE et al. v. STATE.

### 2 Div. 602.

Court of Appeals of Alabama.

Nov. 16, 1937.

Rehearing Denied Dec. 14, 1937.

Appeal from Circuit Court, Perry County; John Miller, Judge.

Thad Poole, Bennie Haynes, and Bluff Woods were convicted of grand larceny, and they appeal.

J. C. Locke, of Marion, for appellants.

A. A. Carmichael, Atty. Gen., Clarence M. Small, Asst. Atty. Gen., and J. Render Thomas, Jr., of Montgomery, for the State.

SAMFORD, Judge.

The indictment was in two counts. The first count charged burglary, and the second count charged grand larceny of nine bushels of cotton seed from a storehouse, etc.

The verdict of the jury, by finding the defendants guilty under the second count of the indictment, renders a consideration of rulings affecting solely the charge under the first count unnecessary on this appeal.

The ownership of the cotton seed was laid in George W. Thomas, whereas it appeared on the trial, from the evidence, that the legal title was in Mrs. Thomas, the wife of George W. But, it further appeared that George W. was the agent of his wife, having the possession and complete control of the house from which the cotton seed was stolen. This being so, the ownership of the cotton seed was properly laid in George W. Thomas. One who has control of personal property is more than a mere servant of the owner. Williams v. State, 19 Ala.App. 472, 98 So. 136.

The most serious contention of appellants is the action of the court in refusing to give, at the request of the defendants, the general affirmative charge, and the refusal of the court to grant defendants' motion for a new trial on the grounds of insufficiency of the evidence connecting these defendants with the commission of the crime.

The crime of larceny is secret in its nature, and frequently must be proven by circumstances which taken by themselves would be insufficient to connect the defendants with the crime, but coupled with other facts, surroundings, and conditions, may authorize the jury to draw inferences which point directly to the defendants as the guilty agents. The corpus delicti having been proven, the proximity of the defendants to the property at the time of the theft, the fact that the cotton seed was in an isolated place unguarded, that it was in the night time, that it was traced in the direction of the house of the man who bought it, that these defendants were together on the night when the seed was stolen, all pointed to these defendants, and to them alone, as the guilty agents.

We conclude, after carefully reading the evidence, that there was sufficient testimony from which the jury could legally conclude that these defendants were guilty.

For that reason, the various charges requested, in writing, seeking affirmative relief, were properly refused. And the jury being the sole judges of the facts and inferences to be drawn therefrom, the court properly overruled the motion for a new trial.

Other charges requested by the defendants were fully covered by the court in his oral charge.

We find no error in the record, and the judgment is affirmed.

Affirmed.