193 So. 878

## DRIGGERS v. STATE.
### 7 Div. 496.

Court of Appeals of Alabama.
Feb. 13, 1940.

168

Pruet & Glass, of Ashland, for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

PER CURIAM.

The only exception reserved on this appeal is to the action of the Court in refusing to grant the defendant's motion for a new trial, which motion is based upon the insufficiency of the evidence, and the fact that the defendant was not given an opportunity to employ counsel and to summon his witnesses.

The charge was based upon the theft of five automobile tires, rims and innertubes of an aggregate value exceeding $25, the personal property of one K. J. Karden, who lived in Clay County near the town of Lineville, Alabama.

The evidence for the State tended to prove, without conflict, that the property was stolen and that it was of a value aggregating more than $25.

The larceny took place on the night of August 8th, or the morning of August 9th. A short time after the larceny, this defendant was found in possession of a part of the property in Calhoun County, Alabama.

In a prosecution for larceny, proof of the alleged theft and that the defendant was found in recent, unexplained possession of the stolen property places upon the defendant the burden of explaining such possession. Jones v. State, 19 Ala.App. 646, 99 So. 922; Leverett v. State, 18 Ala.App. 578, 93 So. 347. The sufficiency of the explanation of the possession of stolen property is a question for the jury, and in this case the facts were all heard by the jury

trying the case, and by the Judge presiding, who passed upon the motion for a new trial on this ground.

There was sufficient evidence to sustain the verdict, and it is the settled rule in this State that an order refusing a new trial on the ground that the evidence is not sufficient to support the verdict, and that the verdict is contrary to the evidence, will not be disturbed unless, after allowing all reasonable presumptions of its correctness, the preponderance of evidence against the verdict is so decided as to clearly convince the Appellate Court that the order denying the motion is wrong and unjust. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

It is contended by appellant that there is no evidence tending to prove the venue in Clay County. The evidence by the owner of the property was that it was stolen in Clay County; there was evidence tending to connect this defendant with the theft and, therefore, the natural inference to be drawn was that the venue was in the County where the larceny was committed.

It is contended in the motion that the trial Judge failed to give the defendant an opportunity to employ a lawyer and to prepare his defense. The record does not bear this out. The indictment was returned at the July term of the Court, 1938. The defendant was arrested and committed to jail on the 1st day of November, 1938; he made bond on the 8th day of November, 1938, and the trial was had on May 15, 1939, which shows ample time in which the defendant could have prepared any defense to which he was entitled.

We find no error in the record and the judgment is affirmed.

The judgment is affirmed.

Affirmed.

NOTE. The foregoing opinion was prepared by the late Judge SAMFORD. Since his untimely death, this court has considered this case En Banc. We are clear to the conclusion that said opinion is correct in all things; therefore, it is hereby approved and is made and adopted as the opinion of this court.