88 So.2d 851

**Wilton Eddie MELSON, alias,**

v.

**STATE.**

**6 Div. 230.**

Court of Appeals of Alabama.

June 26, 1956.

J. N. Powell, Decatur, for appellant.

John Patterson, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

PRICE, Judge.

The indictment in this case charged in three counts, Grand Larceny, Forgery and False Pretense. The court gave the general affirmative charge as to the Forgery count. The jury found defendant guilty of grand larceny and the court fixed his punishment at imprisonment in the penitentiary for one year and one day.

The evidence for the State tended to show that on Wednesday, September 2, 1953, Clyde Richardson took several checks to The Leeth National Bank of Cullman, for deposit. Among these checks was one for the sum of $291.85, made payable to Mr. Richardson as part payment for his services as a teacher in the Cullman County schools. This check, along with the others, was endorsed by the payee and was handed, together with the deposit slip, to Mrs. Jacobs, the bank teller, who gave him a receipt.

Thirty to forty minutes later the bank telephoned Mr. Richardson the check for $291.85 was missing. Mr. Richardson returned to the bank and a thorough search of the premises was made, but to no avail. The bank informed Mr. Richardson payment would be stopped on the check.

The following Saturday the bank notified Mr. Richardson that a man named W. E. Webb had cashed the check at Steele Furniture Company.

Mr. Richardson testified he did not know the defendant at this time and he did not turn the check over to him and did not authorize anyone else to turn it over to him or to any other person.

Mrs. Irma Jacobs, an employee of the bank, testified she receipted the deposit slip given to her by Mr. Richardson listing, among various items of deposit, the check in question. The check has since been paid by the bank.

Herman Voight, operator of a produce house, testified that defendant came to his place of business around the 2nd of September, 1953, after banking hours, and presented him the check in question and asked him to cash it. Mr. Voight refused, saying the check was too large, that he didn't handle that kind of money.

Mrs. Herman Voight, who worked in the office for her husband, testified she remembered the appellant having been in their place of business in early September of 1953, and while there he asked her husband to cash a check for him. Her husband refused, saying he did not have that much money. She testified the appellant talked over the telephone in the office where she was working to someone whom he referred to as "Mother."

Ferrell Walton and Kenneth Cupp employees of Herman Voight during the pepper season in 1953, testified they knew appellant and remembered seeing him come into Voight's place of business during the first part of September, 1953.

For the defendant, Elmer Allredge testified he was operating a sawmill at Greenport in St. Clair County the first week of September, 1953, and that defendant worked for him two weeks, beginning August 30th. On September 2nd defendant was working at the mill.

Vestus Garrison testified he worked at the sawmill in September and worked with defendant two weeks, and that defendant was at work there on September 2nd.

A showing for an absent witness, Robert Racer, was offered, to the effect that defendant worked all day at the sawmill on September 2nd, and was at the camp that night.

Marie Manley, bookkeeper and saleslady for Steele Furniture Company, testified she cashed the check in question. The man who presented the check to her purchased a lawn chair. This witness stated she could not say whether or not defendant was that man. In her best judgment the man who cashed the check did not have a mustache.

Turner Steele testified that on September 2, 1953, a man purchased in his store a steel porch chair, and gave as payment for the chair a check identified as State's Exhibit A made payable to Clyde Richardson, bearing the endorsement of Clyde Richardson and W. E. Webb. The difference between the price of the chair and the amount of the check was given to the purchaser in cash. Mr. Steele stated he did not handle the transaction personally and he did not know the man who bought the furniture and he would not attempt to identify the defendant as that man. In his best judgment the man who cashed the check did not have a mustache and witness had in mind that the man who brought the check in was a fellow about five-six or five-seven feet, and defendant is shorter than witness. Sometime after the check was cashed witness accompanied Mr. Richardson to the house where it was said that defendant lived but they did not go into the home. He has not seen the chair

since it was sold. Some two or three years previously defendant applied for a job at witness' store and was given an application blank, but it was never returned.

The defendant, testifying in his own behalf, stated that on September 2, 1953, he was working at a sawmill at Greenport, in St. Clair County, and that he had no means of transportation to Cullman. He stated that he was in Voight's produce house the first or second week in August; that he used the phone to call a tire company while there; that he has never been in his place of business on any other occasion and was not there in September. He stated he had worn a mustache since he was seventeen or eighteen, and was wearing one on September 2, 1953; that he had shaved it off one time while he was in the Army. He stated that he had never seen the check before the day of trial. The name W. E. Webb on the check was not in his handwriting.

In his motion for new trial appellant asserts that the verdict of the jury was against the great weight of the evidence.

■ "The corpus delicti in larceny is constituted of two elements: (1) that the property was lost by the owner; and (2) that it was lost by a felonious taking." 32 Am.Jur., Larceny, Section 121, p. 1033; Landrum v. State, ante, p. 85, 76 So.2d 349.

■ The corpus delicti, as well as the appellant's guilty agency may be proven by facts and circumstances as well as by direct and positive evidence. Rutland v. State, 31 Ala.App. 43, 11 So.2d 768; Parks v. State, 21 Ala.App. 193, 106 So. 623, and "if the evidence adduced affords an inference that a larceny has been committed the question of its sufficiency is one for the jury" and "it becomes their province to determine whether the corpus delicti has been proven." Smith v. State, 133 Ala. 145, 31 So. 806, 807; Perry v. State, 155 Ala. 93, 46 So. 470.

■ "In a prosecution for larceny, proof of the alleged theft and that the defendant was found in recent, unexplained possession of the stolen property places upon the defendant the burden of explaining such possession. Jones v. State, 19 Ala.App. 646, 99 So. 922; Leverett v. State, 18 Ala. App. 578, 93 So. 347. The sufficiency of the explanation of the possession of stolen property is a question for the jury." Driggers v. State, 29 Ala.App. 167, 193 So. 878; Orr v. State, 107 Ala. 35, 18 So. 142; Heath v. State, 30 Ala.App. 416, 7 So.2d 579.

■ Under the evidence here the question of whether accused was in possession of the stolen property and the reasonableness of his testimony denying such possession was for the jury.

We are of the opinion the facts and circumstances adduced on the trial, together with the inferences to be drawn therefrom were sufficient to warrant the jury in returning the verdict rendered and to sustain the judgment of conviction. The motion for a new trial was properly overruled.

We have not been furnished with a brief on behalf of appellant, but we have searched the record, as, we are required to do, and find no reversible error.

The judgment of the trial court is affirmed.

Affirmed.