214 So.2d 706

**Eugene LUCIOUS**

**v.**

**STATE.**

**I Div. 346.**

Court of Appeals of Alabama.

Oct. 8, 1968.

———◆———

C. LeNoir Thompson, Bay Minette, for appellant.

MacDonald Gallion, Atty. Gen., and John A. Lockett, Jr., Asst. Atty. Gen., for the State.

JOHNSON, Judge.

Appellant was indicted by the Grand Jury of Baldwin County, Alabama, under an indictment which charged that he "did feloniously take and carry away one Poulan Chain Saw of the value of Two Hundred Dollars ($200.00), the personal property of J. D. Stapleton, against the peace and dignity of the State of Alabama." After pleading not guilty, he was tried by a jury which found him guilty as charged and he was sentenced by the court to a term of two years in the State penitentiary.

Roy Dawson, witness for the State, testified on direct examination that he and James Stapleton were owners of a chain saw, Serial No. 5066063, which was the same serial number as that of the chain saw which he identified in court. On cross-examination, Dawson was shown an affidavit which he had signed and which stated as follows:

"Before me, _____, Justice of the Peace in and for said County, personally

appeared _____ who being duly sworn, deposes and says on oath that he has probable cause for believing and does believe that in said County on or about 11–11–1966 that one Eugene Lucious feloniously took and carried away 1 poulan chain saw Model #86, Serial #5066083, of the value of over $25.00 owned by Roy Dawson, against the peace and dignity of the State of Alabama."

Counsel for appellant attacks the indictment as being vague and general because it does not set out the serial number of the chain saw. He contends that the appellant could be convicted on two separate chain saw thefts should they have occurred, under the same indictment.

■ Counsel for appellant (whom we observe was not trial counsel) concedes that no proper objection was timely made to the indictment and, therefore, the plea of not guilty waived any alleged defect appearing in the indictment. However, he does submit that the court should have charged the jury ex mero motu on the basis of the affidavit identifying a particular chain saw and the fact that the indictment failed to describe any saw specifically, and that the proof presented under the indictment gave a different serial number and a different owner from the original prosecution affidavit.

Tit. 15, Sec. 232, Code of Ala., 1940, states the following:

"The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment; and in no case are the words 'force of arms' or 'contrary to the form of the statute' necessary."

In Chisolm v. State, 45 Ala. 66, the Supreme Court of Alabama stated:

"An indictment for larceny should describe the property with such certainty as will enable the jury to decide whether what is proved to be stolen is the very same with that upon which the indictment is founded, and show judicially to the court that it could have been the subject matter of the offense charged, and enable the defendant to plead his acquittal or conviction to a subsequent indictment relating to the same property."

In Smith v. State, 30 Ala.App. 158, 2 So. 2d 341, the court stated:

"[A]n indictment for larceny should describe the property with such certainty as will enable the jury to decide whether what is proven to be stolen is the very same with that upon which the indictment is founded, and show judicially to the court that it was the subject matter of the offense charged, and enable the defendant to plead his acquittal or conviction to a subsequent indictment relating to the same property."

In Lee v. State, 20 Ala.App. 334, 101 So. 907, it is stated:

"As a general rule where a particular kind of property is specifically described in an indictment, it must be proved as laid. However, it is no valid objection that the description of the property alleged to have been stolen is broad enough to include more than the proof shows, provided the proof shows a commission of the offense charged."

■ In our opinion, the words, "1 poulan chain saw", were a sufficient description for the purposes of this indictment for grand larceny so as to enable the jury to decide whether the chain saw in evidence was the one upon which the indictment is founded.

We have examined the record and find no error therein.

Therefore, the judgment in this cause is due to be and the same is hereby

Affirmed.

PRICE, P. J., concurs in result.

CATES, J., concurs specially.

CATES, Judge (concurring specially).

No demurrer or other test of the indictment on the evidence being pressed on the trial judge, I consider this case one for Code 1940, T. 13, § 66.[1]

In the interest of economy and judicial labor, I see no need to rule on the thorny question of whether "one Poulan Chain Saw" is sufficient. Chain saws come in many sizes and weights. See Stollenwerk v. State, 55 Ala. 142; and Wideman v. State, 269 Ala. 49, 110 So.2d 298.

Such questions of law which are not reserved for appellate review cannot be first presented in this court. In view of appellant's argument—on a single point—I vote to decide this case without opinion.

1. § 66. The chief justice and associate justices of the supreme court, or a majority of them, may fix and determine the specifications of the said reports as to contents, type, size of page, length of line, character of appearance and binding. * * * the judges of the court of appeals shall not be required to write opinions in cases where the decisions merely reaffirm previous decisions, or relate to questions of fact only, or when the cases decided would, in their opinion, serve no useful purpose as precedents; * * *"