The indictment consists of a first count charging burglary in the second degree, a second count charging grand larceny, and a third for buying, receiving and concealing stolen property. Pursuant to a verdict of guilt, the court imposed a sentence of ten years imprisonment.
The evidence indicates that appellant-defendant, a white male, and Darrell Busbin, an Air Force enlistee, were present on December 4, 1977, in the home of Sergeant Wayne Nakatsuka where appellant rented a room. The three played cards for a while.
According to Busbin's testimony (who admittedly was in need of money), he and appellant, at the latter's invitation, took an automobile ride that afternoon of December 4, 1977, to Hope Hull in Montgomery County where appellant showed him Henderson's T.V. and Appliance Sales and Service that was vulnerable to burglary. In the early morning hours of December 5, 1977, the two burglarized the store and carried away five microwave ovens and four Zenith television sets, one of which was a twenty-three inch set described in the indictment.
Entrance into the store was gained by firing a pellet gun at a back window. The gun was used to set off any burglar alarm that may happen to be in the store. Appellant, after breaking the window with a crowbar, crawled through and opened the back door through which the witness Busbin entered. They both then proceeded to steal the ovens and the television sets.
When they were unable to load all the appliances into the one automobile, the appellant contacted his sister by telephone. She and his wife drove to the scene where the appliances were loaded in the two cars and transported to Montgomery. All or part of the appliances were taken to the house of Sergeant Nakatsuka. Only one of the appliances was described in Counts 2 and 3 of indictment, namely "one twenty-three inch Zenith television." It was left in the den and was not taken to the appellant's room in the house.
An investigation by law enforcement officers led to the discovery of the twenty-three inch television in the den. The investigation also led to the sale of some of the appliances by witness Busbin, who at first denied any implication in the offenses alleged in the indictment. Several months later, Busbin elected to give a confession that implicated the appellant. He also elected to appear as a witness for the State.
George W. Henderson, who was the operator of the burglarized store and the owner of the stolen appliances, testified about the break in and the broken window. He also testified as to finding some gun pellets in the burglarized area. The testimony of Mr. Henderson fully established the corpus delicti of the burglary and theft charged in the indictment. We note that the television stored in the den was properly identified as an appliance that was stolen from Mr. Henderson's store as alleged in the indictment. The jury returned three specific verdicts of guilt:
 "We, the jury, find the defendant guilty of buying, receiving, or concealing stolen property; we, the jury find the defendant guilty of grand larceny; we, the jury find the defendant guilty of burglary."
 I
Appellant here asserts that there was a fatal variance between the indictment and the proof. Contention is made that the grand jury knew the serial number, which does not appear in the indictment. We are not convinced that there was any variance. The two counts (2 and 3) adequately describe the stolen television set, In Lucious v. State, 44 Ala. App. 497,214 So.2d 706, it was held by this court that the words "one Poulan chain saw" appearing in an indictment for larceny were a sufficient description to enable the jury to decide whether the chain saw in evidence was one upon which the indictment was founded. In Peters v. State, 100 Ala. 10, 14 So. 896, it was held that the words "two bales of cotton" in an indictment were a sufficient description of the stolen property. In an indictment for larceny of an animal, *Page 911 
it was held not to be necessary to describe the animal by designating its sex. Also in Jones v. State, 19 Ala. App. 646,99 So. 922, charging larceny of "one set of truck tools" was a sufficient description. However, it does not appear in the record that there was a proper objection, demurrer, or motion for a new trial raising the point. Waters v. State, Ala.Cr.App., 360 So.2d 358, cert. denied, Ex parte Waters, Ala., 360 So.2d 367.
 II
It appears in the evidence of Deputy R.D. Bryan that he went to the home of Sergeant Nakatsuka in furtherance of an investigation of the burglary. There he found a television in the den. In pursuing the investigation, he knocked on the bedroom door of the appellant and asked him if the television belonged to him. He answered in the affirmative. This answer was admitted in evidence over appellant's objection that no predicate was laid.
We think it clearly appears from the record that the deputy's activities at that time were investigative and that accusation had not been focused on the appellant. It also appears that appellant had not been taken into custody by detention or arrest. Under such circumstances, there was no lawful requirement for a predicate. Miranda v. Arizona, 384 U.S. 436,86 S.Ct. 1602, 16 L.Ed.2d 694. Miranda becomes operative to protect constitutional rights only upon a custodial interrogation during which detention, restraint or arrest of the accused by an officer is "significant." United States v.Montas, 421 F.2d 215 (5th Cir. 1970), cert. denied,397 U.S. 1022, 90 S.Ct. 1262, 25 L.Ed.2d 532. Miranda defines "custodial interrogation" as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." The trial court did not err in overruling defendant's objection to the evidence.
 III
The third contention of error asserts that the trial court erred in refusing the affirmative charge as to the burglary accusation (Count 1) in the indictment. Appellant contends that the State's evidence consisted solely of the uncorroborated testimony of two accomplices, Busbin and Nakatsuka, which will not support a conviction pursuant to § 12-21-222, Code of Ala. 1975.
Corroboration of the testimony of an accomplice need not be sufficiently strong of itself to support a conviction, and it is sufficient if it tends to connect the accused with the offense. Cunningham v. State, 54 Ala. App. 656, 312 So.2d 62. The State contends that the fact that Henderson found pellets in the floor of his store corroborates the testimony of Busbin that the appellant shot the store window out with a pellet gun to facilitate their joint entry. Henderson's testimony only corroborates a detail of how the crime was committed, but does not connect the appellant with it. Busbin could have been the only one present, fired the pellets himself, and then falsely accused the appellant. The criminal always knows all the details of the commission of the crime, and this is the reason corroborative testimony must go further and connect the accused with the crime. Lindhorst v. State, Ala.Cr.App., 346 So.2d 11, cert. denied, Ala., 346 So.2d 18.
Aside from finding pellets in the floor of the store, there is sufficient corroborative testimony in the record to support the conviction. Nakatsuka testified that around 5:00 or 5:30 on the morning of the crime he heard the voices of the appellant, the appellant's wife and sister, and Busbin in the house. Later that morning when Nakatsuka went into the den, he found the twenty-three inch Zenith television sitting there. It was not there the night before. Later when Deputy Bryan was investigating the crime, he asked the appellant if that was his television set in the den, and the appellant stated that it was. Nakatsuka's testimony would therefore corroborate Busbin's testimony that upon burglarizing the store the appellant had his wife and sister come to the store and assist in carrying the stolen merchandise back to the Nakatsuka residence. *Page 912 
Deputy Bryan's testimony, likewise, connected the appellant with the recently stolen goods.
The unexplained possession of recently stolen goods will support an inference of burglary and larceny if there is also proof of breaking and entering and theft of the goods so connected in time as to permit the further inference that the larceny was the product of the breaking and entering. Goode v.State, Ala.Cr.App., 337 So.2d 1364; Stokes v. State,54 Ala. App. 112, 305 So.2d 387.
Busbin was an admitted accomplice in the crime; however, Nakatsuka denied any complicity. We therefore cannot determine as a matter of law that Nakatsuka was an accomplice. Where the question of whether a witness is an accomplice is a disputed fact, it becomes a jury question. Ex parte State (re: Yarber v.State), Ala. [Ms. July 14, 1978, SC 2622]; Jacks v. State, Ala.Cr.App., 364 So.2d 397, cert. denied, Ala., 364 So.2d 406. The verdict of the jury resolved the issue in favor of Nakatsuka and against the appellant. Thus, the trial court was not in error in refusing to give the affirmative charge and by allowing the case to go to the jury.
 IV
We note here that appellant's affirmative charge as to Count 3 of the indictment should have been given.
Appellant did not take the witness stand, nor did he put up any witnesses. None of the evidence implies that he bought, received or concealed the television described in the indictment from another. The evidence implies that he stole the television set when he burglarized the store. "Since a thief may not receive stolen property from himself, the appellant cannot be convicted of receiving stolen property where the evidence shows that (he) actually stole the property."Nicholson v. State, Ala.Cr.App., 369 So.2d 304; Davidson v.State, Ala.Cr.App., 360 So.2d 728, cert. denied, Ala.,360 So.2d 731.
The judgment of guilt as to Counts 1 and 2 is due to be affirmed. The judgment of guilt as to Count 3 is reversed, and the cause therein is rendered.
The foregoing opinion was prepared by the Honorable Bowen W. Simmons, a Retired Circuit Judge, serving as a judge of this court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the court.
AFFIRMED IN PART AND REVERSED AND RENDERED IN PART.
All the Judges concur. *Page 1092