The defendant was indicted and convicted for the grand larceny of $450.00 from a Zippy Mart in Montgomery, Alabama. *Page 434 
Youthful offender treatment was denied and the defendant was sentenced to three years' imprisonment at the Frank Lee Youth Center.
 I
Initially the defendant contends that the jury's verdict was against the great weight of the evidence because no one saw the defendant actually take the money and because of the weakness of the identification testimony.
 A.
Basically the State's evidence reveals that on September 7, 1978, the manager of Zippy Mart was counting the store's money in making up a bank deposit. She left the counter and went to another part of the store to help a customer, leaving the money in an unlocked bank deposit bag on the counter. The defendant was in the store looking at some sunglasses or magazines during this time.
Away from the counter, the manager heard a "drop" and "instantly knew it was the money bag". She saw the defendant near the money and saw him running out the door.
A customer also identified the defendant as being in the store. He observed the defendant right inside the front door and saw him "put his finger over his mouth" in a gesture of silence to a female customer who was entering the store. The defendant was "moving fast" and ran towards his house once he got out of the store.
The manager immediately checked the money and found that the cash was missing. The defendant was the only person who had left the store.
This evidence was sufficient to sustain the defendant's conviction for grand larceny. The crime of larceny is secret in nature and frequently must be proved by circumstantial evidence. Poole v. State, 28 Ala. App. 37, 38, 178 So. 238, cert. denied, 235 Ala. 216, 178 So. 240 (1938). The State is not limited to eyewitness testimony in proving larceny, but may prove the elements of the offense by circumstantial evidence.Simpson v. State, 354 So.2d 317 (Ala.Cr.App.), cert. denied, Exparte Simpson, 254 So.2d 324 (Ala. 1977). The inferences to be drawn from the circumstances present in this case were sufficient to warrant the jury in returning the verdict rendered and to sustain the judgment of conviction. Bell v.State, 364 So.2d 420 (Ala.Cr.App.), cert. denied, Ex parteBell, 364 So.2d 424 (Ala. 1978); Melson v. State, 38 Ala. App. 514, 88 So.2d 851 (1956).
 B.
The manager of the store, Aleta Sexton, was not positive in her identification of the defendant.
 "A. . . . I feel sure, but as far as staking my life on it, I couldn't tell you if it was him or not; the boy sitting right over here. But he is the one I picked out. . . ."
* * * * * *
 "Q. . . . You wouldn't stake your life that this defendant was the individual inside the store?
"A. I could not positively identify him. No.
 "Q. Wouldn't it be true to say that the prior occasion you also could not identify him?
 "A. That is right. Because he was from here to these chairs, that far. And I can't really see that good."
* * * * * *
"A. I am nearsighted.
"Q. Do you know what your vision is?
"A. I know I am nearly blind in my right eye.
"Q. Even with your glasses?
"A. It is not easy to see."
* * * * * *
 "Q. And the person that you saw by the eyeglasses, that is the person in Court today?
"A. Well, like I said, I can't say.
"Q. You are uncertain. Is that correct?
"A. I am uncertain.
 "Q. Did the person who was by the eyeglasses buy anything in the store? *Page 435 
"A. No, sir, he did not.
 "Q. Was the person by the eyeglasses the person that you saw run out the door that day?
"A. Yes. He was the only black person in the store."
Were Ms. Sexton's the only identification made of the defendant, this Court would have serious reservation about the sufficiency of the evidence to support the conviction. However, another witness, who had known the defendant for some time, also placed the defendant in the store at this precise time. His identification was positive.
The fact that a State witness does not positively identify the accused does not vitiate that witness' testimony. The hesitancy of a witness in identifying a defendant is a matter of consideration of the jury in passing upon the weight of such testimony. Gholston v. State, 338 So.2d 454, 459 (Ala.Cr.App. 1976).
 II
There was no direct testimony by any witness that the defendant took the money. However witness Steve Thompson, after having been cautioned out of the jury's presence not to make the specific statement objected to, stated that, immediately after the defendant left the store and motioned to a customer to remain silent, a lady came in and said "he has taken all the money". Defense counsel's objection was sustained by the trial judge's instructions to the jury to disregard the remark. Defense counsel did not request any further corrective action. The States rested after the witness finished testifying. Then defense counsel moved to suppress the State's evidence and moved for a mistrial "on the inadvertent slip by the young prosecution witness . . . I realize it is nobody's fault. He just doesn't know what to do. And he just said something." The Court denied this motion in light of its admonition to the jury.
While Thompson's "inadvertent slip" was prejudicial to the defendant, we cannot state that it deprived the defendant of a fair trial in view of the trial judge's instructions to the jury. If the trial judge acts promptly to impress on the jury that improper statements are not to be considered by them in their deliberation, the prejudicial effect of the remarks is removed. Woods v. State, 344 So.2d 1225, 1229 (Ala.Cr.App. 1976), cert. quashed, Ex parte Woods, 344 So.2d 1230 (Ala. 1977). Defense counsel requested no further instructions on this matter and there was no motion for new trial. Under the general rules for the granting of a mistrial we find that the trial judge's refusal was not error. Woods v. State,367 So.2d 982, 984 (Ala. 1978).
 III
Ms. Sexton testified that she was employed by the Zippy Mart, Incorporated; that she was the manager of the store; that she was making up "my bank deposit" and counting the money in the store; that in doing this "(y)ou count out all the money, food stamps and checks . . . and balance out the previous day and take your cash fund and put it back in the register and then put it in a bag and lock it up and take it to the bank"; and that after she found the cash was missing she locked the doors and called the police and her supervisor.
This constitutes sufficient evidence to afford a reasonable inference of the proof of ownership of the property alleged to have been stolen as charged in the indictment. The ownership of stolen property may be proved by circumstantial evidence.
We have searched the record and found no error prejudicial to the defendant. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur. *Page 436