JAMES H. FAULKNER, Retired Justice.
Fred Windham was indicted during the April 1983 session of the Dallas County grand jury for the unlawful possession of pentazocine, a controlled substance, in violation of § 20-2-70, Code of Alabama 1975. Windham failed to appear at trial in 1983. A motion was filed by the deputy district attorney on August 23, 1991, to reinstate this case against Windham after he was arrested in Birmingham. Trial commenced on December 3, 1991, and the jury found Windham guilty as charged in the indictment. The court sentenced Windham to five years’ imprisonment in the penitentiary-
The sole issue raised on appeal is whether the trial court erred in admitting into evidence the drugs found on Windham’s person based upon its finding that Wind-ham consented to the search.
The record reveals that, on November 5, 1982, Officer Harris Huffman of the Dallas County Sheriff’s Department obtained a warrant to search an apartment located at 20-D Cloverdale Apartments in Selma for marijuana, large amounts of “T’s [talwin] and Blues [antihistamines]” and other illegal drugs. The warrant also authorized a search of “persons and vehicles, if you find the same present....” On this same day, Officer Huffman, along with other officers of the Dallas County Sheriff’s Department, served the search warrant on the apartment located at 20-D Cloverdale Apartments in Selma.
Officer Mike Jones testified that he also participated in the execution of the search warrant on November 5, 1982. According to Officer Jones, when the officers entered the apartment, Windham was in the living room. Officer Jones further testified that Windham then walked back towards the kitchen area of the apartment and that he followed Windham into the kitchen. Officer Jones testified that when he entered the kitchen of the apartment, he asked Windham, “where the stuff was” and that Windham replied, “It’s in my sock.” Officer Jones then searched Windham and found 18 “T's” or talwin tablets and 22 “Blues” or antihistamines in Windham’s sock.
Windham testified that Officer Beam, not officer Jones, searched him and found the drugs in his sock. Windham denied having any conversation with Officer Jones pertaining to the location of the drugs, and he testified that he in no way consented to the search of his person.
The trial court ruled that although the search warrant would not authorize a search of Windham’s person, the statement that Windham made to Officer Jones as to the location of the drugs gave the officer the right to search him under the consent exception to the warrant requirement. We agree.
In general, a person may waive his Fourth Amendment protection by consenting to a warrantless search. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). Courts are required *97 to examine the totality of- the circumstances to determine the voluntariness of consent to a warrantless search. Hubbard v. State, 500 So.2d 1204 (Ala.Cr.App.), aff'd, 500 So.2d 1231 (Ala.1986), cert. denied, 480 U.S. 940, 107 S.Ct. 1591, 94 L.Ed.2d 780 (1987). Whether a consent to search was a product of coercion — express or implied — or voluntary is a question of fact to be determined from the totality of the circumstances. State v. Hammac, 546 So.2d 392 (Ala.Cr.App.1989).
In the case sub judice, the jury heard conflicting testimony from Officer Jones and Windham as to whether Wind-ham consented to be searched, and the jury found that Windham voluntarily told the officer that the drugs were located in Windham’s sock. It is a well settled principle that in such instances, the factfinder is in the best position to determine consent or the lack thereof. Scott v. State, 409 So.2d 978 (Ala.Cr.App.1981). The findings of the trial court are, moreover, binding on this court unless they are clearly erroneous. Simmons v. State, 428 So.2d 218 (Ala.Cr.App.1983).
In Hubbard v. State, 500 So.2d 1204, 1225 (Ala.Cr.App.), aff'd, 500 So.2d 1231 (Ala.1986), cert. denied, 480 U.S. 940, 107 S.Ct. 1591, 94 L.Ed.2d 780 (1987), this court held that where the defendant volunteered the whereabouts of a gun, no search warrant was required in order to seize the gun.
We likewise hold in this case that no search warrant was required to seize the drugs because, by telling the officers the whereabouts of the drugs, Windham implicitly consented to the search.
We note, moreover, that Windham’s corollary contention that the officers should have read him his Miranda rights before questioning him about the drugs is raised for the first time on appeal and is therefore procedurally barred. “Even questioning involving constitutional rights must be seasonably raised at the trial court level.” Johnson v. State, 480 So.2d 14, 17 (Ala.Cr.App.1985).
We note that had this issue been properly preserved, there is nothing in the record to suggest that Windham was confronted with a custodial interrogation warranting Miranda warnings. Blackburn v. State, 372 So.2d 908 (Ala.Cr.App.1979).
The trial court therefore properly denied Windham’s motion to suppress the drugs that were found in his sock.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a former Alabama Supreme Court Justice, and his opinion is hereby adopted as that of the court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur, except BOWEN, J., who concurs in the result only.