189 So.2d 786

Robert Lewis CHERRY

v.

STATE.

6 Div. 139.

Court of Appeals of Alabama.

Aug. 16, 1966.

Ben F. Ray, Birmingham, for appellant.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

Appellant was convicted of grand larceny. His punishment was fixed at imprisonment in the penitentiary for two years.

Mr. J. B. Stone, Assistant Manager of Johnson Office Equipment Company, a place where office equipment, typewriters and adding machines were sold, testified that on Saturday afternoon, April 20, 1963, defendant and three other persons entered the store. Mr. Stone was alone in the store seated at his desk. The defendant went behind witness to where the typewriters were kept. In a short time Mr. Stone heard a noise and saw defendant starting out with a typewriter under his arm partially covered with a raincoat. Mr. Stone drew a gun, defendant dropped the typewriter and ran. Witness stated the typewriter sold for $76.50.

A police officer testified when defendant was arrested on April 29, 1963, he admitted being in the building but denied picking up the typewriter.

Mr. Stone was recalled to the stand and testified the defendant had carried the typewriter a distance of twenty to twenty-five feet before he dropped it.

The defendant testified that on April 20, 1963, he went into the Johnson Office Equipment Company with three other persons. The parking lot was behind the store and they entered at the back door. He asked Mr. Stone about portable typewriters and Mr. Stone said they were on the shelf and for him to look at the typewriters and when he found one he wanted to show it to him. Witness picked up a typewriter to have it put on layaway; that Mr. Stone got excited and pulled a pistol from the desk drawer; that witness then put the typewriter on another shelf and left.

Defendant stated on cross examination that he wanted to buy the typewriter for a girl friend. He denied having a coat with him when he was at the store. It was brought out on cross examination that defendant had previously been convicted of grand larceny.

Mr. J. B. Stone was recalled and testified defendant had no conversation with him on April 20, 1963; that there was no discussion about putting a typewriter on layaway; that the company had no such plan.

"To constitute larceny there must be a severance of the possession of the owner and an actual possession by the wrongdoer. The severance of the possession of the owner, and the actual possession of the wrongdoer, may be but for a moment; the length of time they continue is not important; * * *."

Molton v. State, 105 Ala. 18, 16 So. 795. See also Blakeney v. State, 244 Ala. 262, 13 So.2d 430; Arthur v. State, 38 Ala.App. 490, 93 So.2d 793; Johnson v. State, 41 Ala.App. 351, 132 So.2d 485.

The facts and circumstances shown here were sufficient to warrant the submission of the question of defendant's guilt to the jury, and to sustain the judgment of conviction. There was no error in refusing the requested affirmative charge nor in overruling the motion for a new trial on the ground that the verdict is contrary to the evidence.

The judgment is affirmed.

Affirmed.