TYSON, Judge.
Arthur J. Scott was indicted for and convicted of “grand larceny” for which he received a sentence of one year and one day imprisonment. His motion for a new trial was duly denied. On July 12, 1978, Arthur J. Scott, the appellant, entered the Adkison Grocery, a retail grocery operated by Donald B. Adkison, and asked Mr. Adkison for some money. Mr. Adkison recognized the appellant as a frequent customer, but refused to give him any money. Thereafter, while Mr. Adkison continued to wait on another customer, the appellant reached over the top of the cash register and began “banging on the money keys” in an apparent attempt to help himself to the money inside.
When Adkison realized what the appellant was doing, he threatened to call the *934 police and picked up the telephone receiver to do just that. Before he could make the call the appellant jerked the cash register around, pivoting it on a corner that remained on the counter. Mr. Adkison dropped the phone, grabbed the cash register and then picked up his pistol from behind the counter and threatened to shoot the appellant if he did not let go of the cash register.
Seeing that none of his threats was going to. deter the appellant, Mr. Adkison then pistol-whipped him until the appellant let go and ran out of the store. During this incident the appellant never threatened to harm Mr. Adkison and never attempted to do so. When he ran from the store he took nothing with him.
A police officer later stopped the appellant who “had blood all over him” and who appeared to be ‘‘intoxicated”. The appellant cooperated fully with the officer who eventually arrested the appellant for “grand larceny”.
The above facts were not in dispute at trial and are not contested on this appeal.
I
The appellant’s primary contention on appeal is that the uncontroverted evidence did not support a conviction for larceny. The critical issue is whether or not appellant’s movement of the cash register, which he at one instance nearly lifted off the counter, constituted “a severance of the possession of the owner” and “an actual possession by the wrongdoer,” and an “asportation” as required for the crime of larceny. Blakeney v. State, 244 Ala. 262, 13 So.2d 430, rev’g, 31 Ala.App. 154, 13 So.2d 424 (1943); Wilkins v. State, 373 So.2d 353 (Ala.Cr.App.1979); Mauldin v. State, 376 So.2d 788 (Ala.Cr.App.), cert. denied, 376 So.2d 793 (Ala.1979).
To satisfy these requirements, the alleged thief, at some moment, must have obtained complete, independent and absolute possession and control of the item, adverse to the rights of the owner. Blakeney, supra. If the possession is imperfect in any degree, or if the alleged thief’s control is qualified by any circumstance, however slight, the severance is incomplete and the act is only an attempt. Blakeney, supra.
Based on the undisputed facts revealed in the record and supported by both the appellant and the state in their respective briefs on appeal, it is our opinion that the appellant’s possession was imperfect to some degree and his control was qualified under the circumstances.
It is true that the appellant swung the cash register around in a manner which, arguably, demonstrated an intent to take the entire cash register with him. However, he was, unquestionably, only after its contents, the money, and undoubtedly rotated the cash register only to facilitate entry to the cash drawer.
Moreover, the appellant never removed the cash register from the counter upon which it rested. Even if he intended to do so, his efforts were thwarted by Mr. Adki-son who grabbed the cash register with one hand and pistol-whipped the appellant with the other. Appellant’s possession was, therefore, never perfected and he never even gained control of the cash register, much less the money contents inside.
Consequently, it is our decision that, although there is sufficient evidence in the record to support a conviction for “attempted grand larceny,” the evidence falls short of that required for the completed offense. Wolf v. State, 41 Ala. 412 (1868); Edmonds v. State, 70 Ala. 8 (1881); Thompson v. State, 94 Ala. 535, 10 So. 520 (1892); Molton v. State, 105 Ala. 18, 16 So. 795 (1895). The trial court, therefore, erred in overruling appellant’s motion for a new trial.
Moreover, under the facts of this case, there was no asportation or carrying away of the goods of the owner, Mr. Adki-son, as required by the Alabama cases. Milam v. State, 240 Ala. 314, 198 So. 863 (1940); Latham v. State, 56 Ala.App. 234, 320 So.2d 747, affirmed, 294 Ala. 685, 320 So.2d 760 (1975). Under the facts as set forth above there was no severance of the possession of the owner.
*935 Where, as here, the complete, independent and absolute possession (by the “alleged thief”) was never obtained, the larceny was not consummated.
In Blakeney v. State, 244 Ala. 262, 13 So.2d 430 (1943) we find the following statements supportive of our position here:
“Hence it is not a taking for one merely to compel another by threats to lay a thing down, or to strike the hand of another and knock money from it, or to jostle him, or tear his clothes, or break his belt, so that his watch or purse is dislodged from his person and falls to the floor or ground, if the prospective thief desists or is prevented from seizing the thing thus laid down or dropped; nor is the act of thrusting one’s hand into the pocket of another and merely touching his money or purse, or of unscrewing a shirt stud in the bosom of his shirt, a taking, if the would-be thief does not grasp the money or purse, or does not entirely unscrew the stud, or if he drops the stud in the act of unscrewing it.” (Citation omitted)

“For like reason if the possession of the would-be taker is imperfect in any degree, or if his control of the thing desired is qualified by any circumstance, however slight, the taking is incomplete and the act is only an attempt. Thus if goods, displayed on the counter of a shop or in front of it, are attached to the building by a cord, however slender, which the would-be taker does not sever, there is no taking, although the article itself is wholly in his grasp when he is detected and stopped. So the lifting of a watch from a man’s pocket does not constitute a taking, unless the chain by which it is attached to his person is disconnected or broken.” (Citation omitted). (Emphasis added).
Inasmuch as we have determined the alleged larceny was never in fact consummated under the evidence in this cause, the judgment of the trial court must therefore be reversed and this cause is remanded.
REVERSED AND REMANDED.
HARRIS, P. J., and TYSON, BOOKOUT and BOWEN, JJ., concur.
DeCARLO, J., dissents with opinion.