BARRON, Judge.
The appellant was charged with the offense of murder in violation of § 13A-6-2, Code of Alabama 1975. The indictment alleged that appellant did intentionally cause the death of another person, Reginald Dewayne Briggins, by beating him with her fists and/or other weapons. The appellant was found guilty of manslaughter under § 13A-6-3, Code of Alabama 1975, and sentenced to ten years’ imprisonment.
I
This is a case of child abuse. Appellant was the mother of the five-week-old victim, who was one of a set of twins born prematurely. Appellant admitted that the twins had been home in her custody for eleven days when the death occurred. The twins were previously in the hospital due to their premature birth. The first issue herein addressed is the alleged error in the trial court’s denial of a motion to exclude the State’s evidence. The extensive testimony in this case established the following facts in evidence.
Two doctors, who performed an autopsy on the child, testified that the cause of death was a combination of injuries to the brain, that the injuries appeared to be caused from blunt traumatic blows, and that they were consistent with “head-in-motion” injuries. The doctors stated that there was the probability of two separate episodes of traumatic injury based on the differing stages of coagulation of the bleeding from the separate hemorrhages. They testified that a child of that age is not able to inflict such injuries upon himself. There was evidence of an abrasive injury, which caused a small open scab on the child’s knee, and there was a small cut on his forehead.
One of the physicians, who examined the bruises on the brain that caused the death, testified that there were no external injuries to the head that could be seen with the naked eye. He testified as follows:
“Q: But, as far as the several traumas, the four bruises that you have described, you could not see that with the naked eye?
“A: Not externally.”
Other testimony from persons observing the body of the deceased prior to the autopsy, reconfirmed that there were no readily observable physical manifestations of an injury that would have caused death. The photographs of the body introduced into evidence further support this testimony. There was testimony that a child sustaining such injuries would have acted irritably and, for a few days prior to death, would have been “out of it.” The appellant testified that the victim did not display these symptoms of the injury.
There was testimony that the victim’s twin brother had sores on his knee and foot, and a bruised, “black eye,” when he was taken from appellant’s custody by a social worker. The twins were uninjured and thriving when released from the hospital *186 after birth. The expert testimony was that the head injuries occurred between two and nine days prior to death.
The State asserts that this testimony, combined with the fact of appellant’s custody of the infants for the eleven days that they had been home from the hospital, builds a sufficient case of circumstantial evidence against appellant to uphold the court’s submission of the case to the jury for its determination.
Based on the Alabama Supreme Court’s holding in Dolvin v. State, 391 So.2d 133 at 137 (Ala.1980), we must agree.
“In reviewing a conviction based on circumstantial evidence, this court must view that evidence in the light most favorable to the prosecution. The test to be applied is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilty; not whether such evidence excludes every reasonable hypothesis but guilt but whether the jury might reasonably so conclude. (Cites omitted.)
“[W]e must keep in mind that the test to be applied is not simply whether in the opinion of the trial judge or the appellate court the evidence fails to exclude every reasonable hypothesis but that of guilt; but whether the jury might so conclude.” (Cites omitted.)
See also Cumbo v. State, 368 So.2d 871 (Ala.Cr.App.1978); Odom v. United States, 377 F.2d 853 (5th Cir.1967).
This court recognizes that it is not the role of the appellate court to usurp the function of the jury in weighing the evidence. Mauldin v. State, 376 So.2d 788 (Ala.Cr.App.1979).
Appellant claims that, while there was evidence adduced'at trial that a crime was committed, there was no evidence that appellant, as opposed to a number of other persons who had access to the victim for short periods of time, actually committed the crime as charged.
There was, however, evidence of appellant’s custody of both of the twins and evidence of numerous injuries over a period of only eleven days, which would indicate a pattern of abusive conduct toward the twins. We find that the evidence presented by the State was substantive enough to create inferences of appellant’s guilt for the jury to consider and rule upon. Moore v. State, 415 So.2d 1210, 1215 (Ala.Cr.App.1982).
“An inference is merely a permissible deduction from the proven facts which the jury may accept or reject or give such probative value to as it wishes. (Cites omitted.) It is a logical and reasonable deduction from the evidence and is not supposition or conjecture.” Thomas v. State, 363 So.2d 1020 (Ala.Cr.App.1978).
Thus, we find no error in the trial court’s denial of appellant’s motion to exclude, and we find that the evidence at trial was such that the jury could have reasonably found that the evidence excluded every reasonable hypothesis except that of guilt.
II
Appellant argues that a statement made by the district attorney during his closing argument “had a tendency to influence the findings of the jury.”
The comment of the district attorney was as follows:
“I tell you what, one of those injuries that met the child’s head was flying in motion. I don’t care whether it hit the door, the floor, the wall, or whatever else. Whatever that child’s head hit is a weapon. You throw somebody down on a knife, you kill them with a knife. A knife is a weapon. Same principle here. That is one of the injuries. The child getting hit against the wall, floor, or whatever that child hit.”
The court overruled the objection of appellant, adding a curative statement directed to the jury, which properly explained to that body that they were “the sole triers of the facts.”
The appellant argues that the district attorney’s comment constituted testimony from the State. To the contrary, such a comment was a permissible inference *187 from the evidence. While there was no testimony that appellant struck the deceased, there was testimony that these injuries were inflicted with the “head in motion,” and that they resulted from “blunt trauma to the head.” The scope of a prosecutor’s argument includes “inferences to be drawn from various phases of evidence.” Payne v. State, 261 Ala. 397, 74 So.2d 630, 639 (1954).
The curative comment by the trial judge served to correct any perception the jury might have had that statements of the district attorney could be taken as evidence.
We find no error harmful to the substantial rights of the appellant, and the judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.