The appellant in this case, Marsha Towns, was convicted of theft of property in the second degree and sentenced to fifteen years in the penitentiary under the Habitual Felony Offender Act.
The State's evidence showed that on March 13, 1983, Towns, accompanied by a male companion, shoplifted a man's suit in a Pizitz department store. Store security guard Anita Buchanan said that while the male companion picked up one suit and held it, she observed appellant roll up another and secrete it inside a white plastic shoe bag. Towns then moved to another area of the men's clothing department still carrying the bag. When the appellant saw the security guard moving towards her, she unsuccessfully tried to remove the suit from the bag; when Buchanan finally reached her, Towns threw the bag down near a clothing rack.
The guard, who was accompanied by another store employee, told Towns she was under arrest and started to escort her to the security office. Appellant began talking very loudly, saying that she did not know what she was being taken to the office for. Towns then threw her hands up and hit Buchanan in the face and neck. She ripped the guard's earring out, hit her in the eye, and then grabbed her by the hair. The two women fell to the floor in the scuffle, and Towns was finally subdued. After the appellant was brought into the security office, she continued to shout, screaming obscenities and threatening Buchanan. She also told Buchanan that when she got out of jail, Buchanan would "owe her one."
 I
The first issue raised on appeal is whether or not prejudicial error was committed when the trial court admitted testimony concerning the altercation begun by Towns at the time of her arrest. Appellant claims that the evidence could serve no other purpose but to "inflame the jury" and "create ill feeling" toward her. We cannot agree, since we find the testimony was admissible as part of the res gestae. See Ala. Digest, Criminal Law, Key No. 364 (4) and cases cited therein. Appellant's conduct and her statements were clearly incriminating; she implied she knew she would go to jail for what she had done, and she made numerous threats against the guard who arrested her.
This court has stated that for evidence to be admissible under the res gestae exception, it must be incident to the crime committed and it must shed light on the main fact. Smootv. State, 381 So.2d 668 (Ala.Cr.App. 1980), and cases cited therein. We conclude that the evidence to which appellant objects clearly falls within this exception.
 II
Appellant next contends that she did not obtain sufficient control over the stolen suit to constitute theft in the second degree under § 13A-8-4 (e), Code of Alabama 1975. In § 13A-8-2, theft of property is defined as follows:
 "A person commits the crime of theft of property if he:
 "(1) Knowingly obtains or exerts unauthorized control over the property of another, with intent to deprive the owner of his property; or
 "(2) Knowingly obtains by deception control over the property of another, with intent to deprive the owner of his property."
Appellant claims that her possession of the suit was not complete since security guard Anita Buchanan stated she had the right to search customer packages under certain circumstances. Towns says that this right to search qualified her possession and, thus, her act of placing the suit inside the bag could only be viewed as attempted theft. As authority for this proposition, *Page 1276 
appellant cites the case of Scott v. State, 409 So.2d 933, 934
(Ala.Cr.App. 1981), which stated that to satisfy the requirements of the crime of Larceny,
 "[T]he alleged thief, at some moment, must have obtained complete independent and absolute possession and control of the item, adverse to the rights of the owner. [Citation omitted.] If the possession is imperfect in any degree, or if the alleged thief's control is qualified by any circumstance, however slight, the severance is incomplete and the act is only an attempt." (Emphasis in original.)
We cannot agree with appellant that the Scott case stands for the proposition that the right to search a customer's bag qualifies a thief's control of shoplifted merchandise to the extent that the wrongdoer cannot be found guilty of the crime. Appellant's possession of the plastic bag constituted the type of complete, unauthorized control required to sustain a conviction of theft in the second degree.
To accept the argument that the security guard's limited right to search customers' packages made appellant's possession incomplete under the theft statute is ridiculous. If this court adopted such a standard and carried it to its logical extreme, then no one found with stolen goods on his person could ever be convicted of theft, since law enforcement officers possess the power to search individuals under certain limited circumstances.
 III
Appellant next argues that her movement from one portion of the men's department to another while carrying the white plastic bag did not constitute sufficient action to support a completed act of theft. There is no merit in this argument, since the issue is not how far the accused moved the merchandise but rather what intent accompanied that movement. If an individual moves merchandise within a store with the intent to steal, then sufficient asportation has occurred to constitute the crime regardless of how far that movement was. See Craig v. State, 410 So.2d 449 (Ala.Cr.App. 1981).
Since appellant's intent is a question for the jury and not for this court, we are left with nothing to review. SeeAnderson v. State, 418 So.2d 967 (Ala.Cr.App. 1982).
 IV
The fourth issue raised on appeal is whether or not the trial judge committed reversible error when he refused to allow Towns to read to the jury an exculpatory statement she had given to the police after her arrest.
We agree with the State that such self-serving declarations made by an accused after the commission of an offense are generally not admissible. Chisolm v. State, 409 So.2d 930
(Ala.Cr.App. 1981).
An exception exists where such statements are part of the res gestae, Smoot, supra, but appellant's statement does not fall within this exception (see Ala. Digest, Criminal Law, Key No. 364 (5)), and, thus, we find no merit in this issue.
 V
The last issue appellant raises is whether or not the trial judge's refusal to charge the jury on attempted theft was error. The relevant portions of the Code dealing with attempt read as follows:
 "(a) A person is guilty of an attempt to commit a crime if, with the intent to commit a specific offense, he does any overt act towards the commission of such offense.
". . .
 "(c) A person is not liable under this section if, under circumstances manifesting a voluntary and complete renunciation of this criminal intent, he avoided the commission of the offense attempted by abandoning his criminal effort and, if mere abandonment is insufficient to accomplish such avoidance, by taking further and affirmative steps which prevented the commission thereof. The burden of injecting this issue is on the defendant, *Page 1277 
but this does not shift the burden of proof." Ala. Code § 13A-4-2 (1975).
It is clear that one of the elements of attempt is failure to consummate the intended crime. See commentary to § 13A-4-2.
Appellant was seen hiding a suit she had not paid for inside the plastic bag she was carrying. This evidence could not support a finding that appellant's actions constituted a mere attempt. As this court stated in Myers v. State, 401 So.2d 288
(Ala.Cr.App. 1981):
 "The trial court is not required to charge the jury on a lesser included offense when the evidence offered at trial points either to the guilt of the accused of the offense charged in the indictment or to his innocence. An accused is entitled to have the jury charged on a lesser included offense only where there is a reasonable theory from the evidence to support the lesser offense."
We cannot say that a reasonable theory could be extracted from the evidence adduced at trial that would have given appellant the right to a jury charge on attempt.
We further find that Towns's unsuccessful attempt to pull the suit out of the bag after she saw the security guard walking toward her does not constitute an abandonment under § 13A-4-2
(c); the crime of theft was consummated once appellant hid the suit. Towns's assertion that her effort to pull the suit out was a "complete renunciation of her criminal intent" is without foundation.
In conclusion, we find that the judgment of the lower court in this case is due to be affirmed.
AFFIRMED.
All the Judges concur.