Appellant Donald Murphy was convicted by a Jefferson County jury of theft of property in the second degree for stealing hubcaps. Since he had prior convictions, the mandatory provisions of the Habitual *Page 97 
Felony Offender Act applied, and the court sentenced him to 18 years' imprisonment.
 I
On appeal Murphy first contends that the jury should have been charged on the lesser included offense of attempted theft of property. The facts indicate that Murphy was observed by members of a family removing the hubcaps of a car in the Century Plaza parking lot in Birmingham, Alabama, and stacking them. He was removing the fourth hubcap, which he placed, together with his screwdriver, under an adjacent truck. Section13A-8-4, Code of Alabama 1975, provides, in part:
 "(a) The theft of property which exceeds $100.00 in value but does not exceed $1,000.00 in value, and which is not taken from the person of another, constitutes theft of property in the second degree.
 "(b) Theft of property in the second degree is a Class C felony."
Section 13A-8-2, Code of Alabama 1975, defines "theft of property" as follows:
 "A person commits the crime of theft of property if he:
 "(1) Knowingly obtains or exerts unauthorized control over the property of another, with intent to deprive the owner of his property; or
 "(2) Knowingly obtains by deception control over the property of another, with intent to deprive the owner of his property."
Appellant's counsel, on appeal, takes the position that the hubcaps, valued at $600, were not stolen but that there had simply been an attempt to steal them. Section 13A-4-2, Code of Alabama 1975, defines an "attempt" as follows:
 "(a) A person is guilty of an attempt to commit a crime if, with the intent to commit a specific offense, he does any overt act towards the commission of such offense.
". . .
 "(c) A person is not liable under this section if, under circumstances manifesting a voluntary and complete renunciation of this criminal intent, he avoided the commission of the offense attempted by abandoning his criminal effort and, if mere abandonment is insufficient to accomplish such avoidance, by taking further and affirmative steps which prevented the commission thereof. The burden of injecting this issue is on the defendant, but this does not shift the burden of proof."
Under our decisions, the theft statute was already violated in this case before the perpetrator shifted his primary intention from theft to escape. The appellant, thinking of the definitional aspects of the old larceny statute, feels that the offense of theft is not committed until there is "a carrying away" of the property. We have held numerous times that the slightest asportation is sufficient to sustain a charge of theft. Under the facts as presented in this case, there was not a reasonable basis on which to give a charge of attempted theft. The evidence is either that the accused did take the hubcaps off the car or that he did not. There was no error committed in this respect.
 II
Appellant next contends that the court erred in sentencing him in that there was testimony at the sentencing hearing from a probation officer as to a prior felony which should not have been received into evidence. The state undertook to prove a prior felony from the State of Pennsylvania by the business records rule. The probation officer testified that he did not have any certified records relating to the Pennsylvania conviction.
The general requirements for proving prior convictions under the Habitual Felony Offender Act are discussed in Peoples v.State, 457 So.2d 1000 (Ala.Cr.App. 1984). There, the court found that Eddie Peoples had six prior felony convictions, although only four of them were employed to determine the appropriate sentence. We stated:
 "Any error in proving prior convictions in excess of the number needed to invoke the Habitual Offender Act is error without injury, where the evidence of the *Page 98 
unwarranted prior convictions did not prejudice the defendant. Smith v. State, 401 So.2d 251, 256-7
(Ala.Cr.App.), cert. denied, Ex parte Smith, 401 So.2d 257 (Ala. 1981). In that case, the court further found that case action summary sheets were employed to prove the two additional convictions and that this was appropriate. We have stated, in Abbott v. State, 459 So.2d 995 (Ala.Cr.App. 1984) that 'unless an accused actually admits his prior conviction . . . the state must prove his record in order to trigger the operation of the habitual offender sentencing provisions.' Mcghee at 328 [McGhee v. State, 412 So.2d 327 (Ala.Cr.App. 1982)]. 'A proper way to prove a prior conviction of a felony is by introducing a certified copy of the minute entry, showing the valid prior conviction of the defendant of a felony, or by the admission of the defendant.' Thomas v. State, 435 So.2d 1319 (Ala.Cr.App.), rev'd on other grounds, Ex parte Thomas, 435 So.2d 1324 (Ala.), on remand, Thomas v. State, 435 So.2d 1326
(Ala.Cr.App. 1982), appeal after remand, 435 So.2d 1327 (Ala.Cr.App. 1983)."
In this case, it makes a difference whether the appellant has two prior felonies or three, even though the sentence is within the range permitted in either case. It changes as the boundaries of permissible sentencing from 10 to 99 years or to life, to a minimum of 15 years and a maximum of 99 years or life. See sections 13A-5-6 and 13A-5-9, Code of Alabama 1975. Further, the judge in this case specifically stated that he believed the additional felony merited the appellant a stiffer sentence. The following occurred:
 "DEFENDANT: You told me when I was talking with you that if I was found guilty that you were going to give me the minimum.
 "THE COURT: Well, this was before I found out that there was a third offense on that. . . . [T]hat changes the stakes a little bit. . . ."
While a certified copy is "a" method, and the preferred method, of proving an instate prior felony, it is not the only method. The applicable rule, Rule 6(b)(3) of the Alabama Temporary Rules of Criminal Procedure provides, in regard to hearings involving application of the Habitual Felony Offender Act:
 "(iii) At the hearing the burden of proof shall be on the State to show that the defendant has been convicted of a previous felony or previous felonies. Disputed facts shall be determined by the court by a preponderance of the evidence. Evidence may be presented by both the State and the defendant as to any matter the court deems relevant to the application of the law. The State or the court may examine the defendant under oath at the hearing as to relevant matters. If at the hearing the defendant disputes any conviction presented by the State, the court may allow the State to present additional evidence of the disputed conviction, either by way of rebuttal or at a future time to be set by the court."
The judgment entry in the sentencing hearing in this case states in pertinent part:
 "The sentence of the court is predicated upon the preponderance of the evidence and the State having met the burden of proof."
The rule is different as to proof of convictions in other jurisdictions. The correct method of proving out-of-state convictions is controlled by statute. We stated in McBride v.State, 480 So.2d 619 (Ala.Cr.App. 1985), per Judge Patterson:
 "The proper mode of proving prior felony convictions which occur in a sister state is set forth in § 12-21-70, which states in pertinent part:
 " 'The record and judicial proceedings of the courts of any state or territory or of any such country shall be proved or admitted in any other court within the United States by the attestation of the clerk and the seal of the court annexed, if there is a seal, together with a certificate of the judge, chief justice or presiding magistrate that the said attestation is in due form. . . .' *Page 99 
 "See Phillips v. State, 462 So.2d 981
(Ala.Crim.App. 1984); Livingston v. State, 419 So.2d 270
(Ala.Crim.App. 1982).
 "In the case sub judice the State introduced certified copies of judgment entries from the State of Texas. The State failed to produce certificates from a 'judge, chief justice or presiding magistrate' verifying that the attestations were in due form. Appellant properly objected to the introduction of this evidence and her objection should have been sustained.
 "Based on the foregoing, the case is due to be, and is hereby remanded. . . ."
Upon the authority of these precedents, this case must also be remanded for a new sentencing hearing.
Another requirement must be met. Not only must this statute concerning out-of-state judicial proceedings be obeyed, but also, it must affirmatively appear that the appellant was represented by counsel at any conviction used to enhance punishment under the Habitual Felony Offender Act. Mallory v.State, 437 So.2d 595 (Ala.Cr.App. 1983).
Accordingly, this case is due to be, and is hereby, remanded for a new sentencing hearing conducted in accordance with the foregoing recitations of applicable law. Upon completion of the sentencing hearing and sentencing itself, due return is to be made to this court.
REMANDED WITH DIRECTIONS.
All the Judges concur.
 ON RETURN TO REMAND