Robert Lewis Rhodes, Jr., was indicted for receiving stolen property in violation of § 13A-8-18, Code of Alabama 1975, and theft of property in the second degree in violation of §13A-8-4, Code of Alabama 1975. The receiving stolen property count was struck at the close of the evidence. The appellant was found guilty of theft of property in the second degree and was sentenced to 15 years in prison.
The record reveals that Officer Robert Spears of the Albertville Police Department was on duty early in the morning on December 18, 1989. He drove through and checked the parking lot at the Hinton Mitchem Tractor Company at least two or three times before 3:00 a.m. At approximately 3:00 a.m., he observed a silver Dodge Ram pick-up truck parked behind a hay baler. The truck was not there during his earlier checks. The engine of the truck was running. There were two hay forks in the back of the truck, and no one was in the truck. The truck was visible from Kilpatrick Road, but not from Highway 431. Officer Spears called for assistance and secured the truck. No one was found in the parking lot. The hay forks in the truck had been moved from where some equipment was kept on the lot. The truck was parked approximately 40 feet from where the hay forks were normally stored.
James Isbell of the Hinton Mitchem Tractor Company testified that the hay forks in the truck were new forks that belonged to the company. He valued them at $125 each.
Edsell Whitten, an investigator with the Albertville Police Department, testified that the truck was registered to the appellant and the appellant's parents. At around noon, he went to the appellant's home in Steele, but the appellant was not at home. He then went to the Attalla Police Department and picked up a copy of a complaint in which the appellant claimed his truck had been stolen. The complaint had been turned in at approximately 7:00 a.m.
The appellant went to the Albertville Police Department at approximately 4:30 p.m. He told Whitten that he had last seen his truck at 3:00 p.m. the previous day at the Wal-Mart store parking lot in Attalla. He told Whitten that he had been shopping and left Wal-Mart with Tommy Cardin and the "Indian." He said he left his car at Wal-Mart. He stated that he was with them until 6:00 a.m. the next morning: The appellant told Whitten that he had probably dropped his keys, because he always locked the truck. He also told Whitten that he spent the night at Cardin's house. He stated that Cardin took him to get his truck at 5:45 a.m. and that the truck was gone. Whitten testified that he did not take fingerprints from the truck because print readings cannot be obtained from a rough metal surface.
Tommy Cardin testified that he was with the appellant on December 16, 1989. He said that the appellant left Cardin's house on Saturday morning. He said that he and the appellant went to Leeds in the appellant's truck at approximately 2:00 p.m. that afternoon and returned to Steele at approximately 11:30 p.m. The appellant left in his truck 30 minutes later. Cardin testified that he was not in Attalla on Sunday and did not pick up the appellant at the Wal-Mart store and that the appellant did not stay with him on Sunday night.
The appellant's mother testified that the appellant came home on the morning of December 18, and then went to the Attalla Police Department because his truck had been stolen. The appellant raises two issues on appeal.
 I
The appellant contends that the evidence was insufficient to sustain the conviction because there was no direct evidence linking him with the theft and the conviction was based on circumstantial evidence and conjecture. He also contends *Page 94 
that there was no evidence that he had possession of the hay forks. We disagree.
"The theft of property which exceeds $100.00 in value but does not exceed $1,000.00 in value, and which is not taken from the person of another, constitutes theft of property in the second degree." Ala. Code 1975, § 13A-8-4(a). A theft is committed when a person "[k]nowingly obtains or exerts unauthorized control over the property of another with intent to deprive the owner of his property." Ala. Code 1975 §13A-8-2(1).
"It is well-settled that theft may be proven by circumstantial evidence." Robinson v. State, 432 So.2d 518
(Ala.Crim.App. 1983); Jordan v. State, 392 So.2d 1230
(Ala.Crim.App. 1980), cert. denied, 392 So.2d 1233 (Ala. 1981);Richardson v. State, 374 So.2d 433 (Ala.Crim.App. 1979). Because larceny is secret in nature, it must frequently be proved by circumstantial evidence. Richardson. "In reviewing a conviction based on circumstantial evidence, this court must view that evidence in the light most favorable to the prosecution. The test to be applied is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude." Mauldin v. State,376 So.2d 788, 791 (Ala.Crim.App.), cert. denied, 376 So.2d 793 (Ala. 1979) (quoting, Cumbo v. State, 368 So.2d 871, 874
(Ala.Crim.App. 1978), cert. denied, 368 So.2d 877 (Ala. 1979)). Seealso Ogle v. State, 548 So.2d 499 (Ala.Crim.App. 1988). Circumstantial evidence is entitled to the same weight as direct evidence, provided it points to the guilt of the accused. Moore v. State, 474 So.2d 190 (Ala.Crim.App. 1985);Linzy v. State, 455 So.2d 260 (Ala.Crim.App. 1984); Mains v.State, 375 So.2d 1299 (Ala.Crim.App. 1979).
 "It is within the province of the jury to decide whether or not the circumstantial evidence tending to connect the appellant with the crime excludes to a moral certainty every other reasonable hypothesis than that of the appellant's guilt. If facts are presented from which the jury may reasonably infer that the crime has been committed, although established by circumstantial evidence, the question must be submitted to the jury." Mauldin at 791 (citations omitted).
Upon a careful review of the record, we find that the evidence, albeit circumstantial, is sufficient to sustain the conviction. A jury could easily find that the appellant took the hay forks and put them in his truck with the intent to deprive the owner of the property. "A conviction will not be set aside on the basis of insufficiency unless, 'allowing all reasonable presumptions for its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince this court that it was wrong and unjust.' "Ogle at 501 (quoting Johnson v. State, 378 So.2d 1164, 1169
(Ala.Crim.App.), cert. quashed, 378 So.2d 1173 (Ala. 1979)).See also Ex parte Cunningham, 548 So.2d 1049 (Ala. 1989).
 II
The appellant contends that the trial court erred in failing to charge the jury on attempted theft. This argument has no merit. "When the wrongdoer obtains at some moment complete and exclusive dominion and control of the chattel, the taking is complete. Such severance of possession in the wrongdoer may be but for a moment. The length of time is unimportant."Mauldin at 792 (citations omitted). The evidence indicated that the appellant either took the hay forks or did not. "When the evidence clearly shows that the appellant is either guilty of the offense charged, or innocent, the charge on a lesser included offense is not necessary or proper." Haynes v. State,461 So.2d 869, 873 (Ala.Crim.App. 1984); Towns v. State,449 So.2d 1273 (Ala.Crim.App. 1984); Hollins v. State,415 So.2d 1249 (Ala.Crim.App. 1982) (evidence indicated complete crime and nothing short thereof). No reasonable theory could be extracted from the evidence that would have supported a charge on attempted theft. See, e.g., Murphy v. State, 536 So.2d 96
(Ala.Crim.App. 1986); Towns. *Page 95 
For the reasons set forth above, this case is due to be, and it hereby is, affirmed.
AFFIRMED.
All the Judges concur.