LONG, Judge.
Steven LaFontaine, the appellant, was convicted of theft of property in the second degree and was sentenced to 10 years’ imprisonment under the Habitual Felony Offender Act.
The State’s evidence showed that Officer Les Stover of the Dothan Police Department was patrolling near a Hobo Pantry convenience store at approximately 1:30 a.m. on July 14,1993, when he saw two people in the store, one of whom was the appellant. The officer thought that this was unusual because, in his experience, the store employees usually left by 10:00 or 11:00 p.m. He stopped and asked the appellant why he was there so late at night, and the appellant told him that he and the other person were taking inventory. The officer then left.
*120 The store manager, Ester West, testified that the appellant had been working at the Hobo Pantry for one week as of July 13, 1993. His duties included running the register, sweeping, mopping, stocking the coolers, and checking the level in the gasoline tanks. The appellant was not responsible for taking inventory. An inventory crew, of which he was not a part, took inventory once a month. The appellant was scheduled to be at work at 1:00 p.m. and he was alone in the store after 2:00 p.m., when Ms. West would leave, until closing time. He was not supposed to be in the store after 10:30 p.m. If he did not finish the sweeping, mopping, and stocking by 10:30 p.m., he was supposed to leave those tasks for the first shift in the morning to do.
The appellant was working in the store when Ms. West left on July 13,1993. No one other than the appellant and Ms. West worked on that date. When she began her shift at 4:00 a.m. on July 14, 1993, Ms. West discovered that the cash taken in during the appellant’s shift, as reflected by his shift report, $982.00, was not in the safe and was missing.
Jim Quintero, director of retail operations for Home Oil Company, Inc., and Hobo Pantry Food Store, testified that the appellant had worked for the company for more than one week at the time of the incident, that he had a history of cash shortages on his shift while he was employed there, and that in the week before the theft at issue, there had been a $100 shortage during his shift.
Willie Williamson, an investigator with the Dothan Police Department, questioned the appellant on the morning the theft was discovered. The investigator testified that he asked the appellant why he had been in the store at 1:30 a.m., and that he responded that he was conducting inventory.
Trina LaFontaine, the appellant’s wife, was the only witness to testify for the defense. She testified that she arrived at the Hobo Pantry right after 8:30 p.m. on July 13, 1993, that at that time two men were waxing the floors, and that she stayed there until they finished the waxing, at approximately 10:00 p.m., at which time she went home. She said that she went back to the store at approximately 11:30 p.m. or 12:00 a.m. to help the appellant restock and clean up, which took about one and one-half hours. Mrs. LaFontaine further testified that she knew where the key to the safe was kept because she had seen the appellant with it, and that while he was outside emptying the trash and without his knowledge, she got the key, opened the safe, and took the money.
The appellant raises three issues on this direct appeal of his conviction.
I.
The appellant contends that the trial court erred by denying his motion to reopen his case and his motion for additional time in which to interview and subpoena potential witnesses, on the basis of newly discovered evidence. These motions were made at the beginning of the second day of the trial, after both sides had rested, but before closing arguments. The evidence in question was a receipt from the cleaning company that cleaned the Hobo Pantry store, which showed that it waxed the floor of the store on July 13,1993. The State discovered that the cleaning company had the receipt during the first day of the trial. The appellant argues that he should have been allowed to present evidence of the receipt to corroborate Mrs. LaFontaine’s testimony that a cleaning crew had waxed the store’s floor on the night of July 13,1993.
“The court may, at its discretion, at any time before the conclusion of the argument, when it appears to be necessary to the due administration of justice, allow a party to supply an omission in the testimony on such terms and under such limitations as the court may prescribe.”
§ 15-14-4, Code of Alabama 1975. “The trial court has discretion to reopen the evidence ... prior to closing arguments.” Owen v. State, 586 So.2d 958, 960 (Ala.Cr.App.1990), rev’d on other grounds, 586 So.2d 963 (Ala. 1991). See also Wright v. State, 487 So.2d 962, 967 (Ala.Cr.App.1985). Rule 19.1(h), Ala.R.Crim.P., provides, in pertinent part, as follows: “Before the jury retires to begin deliberation of the case, the court, upon a showing of good cause, may allow the case to be reopened.” (Emphasis added.) In addi *121 tion, “[a] motion for continuance is addressed to the sound discretion of the trial judge, and the exercise of that discretion will not be disturbed unless clearly abused.” Long v. State, 611 So.2d 448, 444 (Ala.Cr.App.1992).
The appellant failed to make a showing of good cause with respect to his motion to reopen his case; Mrs. LaFontaine’s testimony that a cleaning crew had waxed the store’s floor on the night of the theft was never contradicted at trial, so there was no need to corroborate it. Because the appellant failed to make a showing of good cause, the trial court properly denied his motion for additional time in which to interview and subpoena potential witnesses. Furthermore, the appellant’s defense at trial was that the cleaning crew’s presence in the store at the end of his shift prevented him from restocking and cleaning up and necessitated his returning at 1:30 a.m. to do so, so the appellant should have had ample opportunity to discover the receipt before trial. Therefore, the trial court acted well within its discretion in denying the appellant’s motions, and his arguments are without merit.
II.
The appellant contends that the trial court erred by denying his motion for a mistrial based upon alleged prosecutorial misconduct. Specifically, he claims that, during the testimony of defense witness Trina LaFontaine, members of the district attorney’s office occupied an extra jury box directly across from the jury “and proceeded to discredit her testimony by making faces, distracting gestures and acting as though this defense witnesses’ testimony was a joke to them.” Appellant’s brief at 11.
“ ‘To be timely, a motion for mistrial must be made “immediately after the question or questions are asked that are the grounds made the basis of the motion for the mistrial.” Ex parte Marek, 556 So.2d 375, 379 (Ala.1989). The motion is untimely if it is not made until the conclusion of the witness’s testimony. Menefee v. State, 592 So.2d 642 (Ala.Cr.App.1991); Robinson v. State, 584 So.2d 533 (Ala.Cr.App.), cert, quashed, 584 So.2d 542 (Ala.1991).’ ”
Allen v. State, 659 So.2d 135, 144 (Ala.Cr. App.1994) (quoting Powell v. State, 631 So.2d 289, 292-293 n. 2 (Ala.Cr.App.1993), and citing Pettway v. State, 607 So.2d 325, 331 (Ala.Cr.App.1992)).
There was no objection at the time that the offensive conduct allegedly occurred. It was only after the conclusion of Mrs. LaFon-taine’s testimony, at the beginning of the next day of the trial, that defense counsel moved for a mistrial based on the conduct of the district attorney’s office. “The matter was not called to the Court’s attention at a time when a curative instruction might have been given or other curative action might have been taken.” Justo v. State, 568 So.2d 312, 316 (Ala.Cr.App.1990). Thus, the motion was untimely, and this issue is procedurally barred from appellate review.
III.
The appellant contends that the evidence was insufficient to support his conviction because the only evidence linking him to the theft was circumstantial.
“When a motion to exclude the state’s evidence is made on the ground that the state has failed to establish a prima facie case, it is the duty of the trial court to determine whether the evidence is sufficient to sustain a conviction under the indictment. In its determination, the trial court should consider only the evidence before the jury at the time the motion is made and must consider it in the light most favorable to the state. Andrews v. State, 473 So.2d 1211 (Ala.Cr.App.1985). When there is legal evidence from which the jury could, by fair inference, find the defendant guilty, the trial court should submit it to the jury, and, in such a case, this court will not disturb the trial court’s decision. Roger v. State, 443 So.2d 1343 (Ala.Cr.App.1983); Johnson v. State, 378 So.2d 1173 (Ala.Cr.App.), writ quashed, 378 So.2d 1164 (Ala.1979); AR.Crim. P.Temp. 12.1(a), (b), and 12.2(a)-(c).”
Ward v. State, 557 So.2d 848, 850 (Ala.Cr. App.1990).
‘“It is well-settled that theft may be proven by circumstantial evidence.’ Robinson v. State, 432 So.2d 518 (Ala.Crim. *122 App.1983); Jordan v. State, 392 So.2d 1230 (Ala.Crim.App.1980), cert, denied, 392 So.2d 1233 (Ala.1981); Richardson v. State, 374 So.2d 433 (Ala.Crim.App.1979). Because larceny is secret in nature, it must frequently be proved by circumstantial evidence. Richardson. ‘In reviewing a conviction based on circumstantial evidence, this court must view that evidence in the light most favorable to the prosecution. The test to be applied is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude.’ Mauldin v. State, 376 So.2d 788, 791 (Ala.Crim.App.), cert, denied, 376 So.2d 793 (Ala.1979) (quoting, Cumbo v. State, 368 So.2d 871, 874 (Ala.Crim.App.1978), cert, denied, 368 So.2d 877 (Ala.1979)). See also Ogle v. State, 548 So.2d 499 (Ala.CrimNpp.1988). Circumstantial evidence is entitled to the same weight as direct evidence, provided it points to the guilt of the accused. Moore v. State, 474 So.2d 190 (Ala.Crim.App. 1985); Linzy v. State, 455 So.2d 260 (Ala. Crim.App.1984); Mains v. State, 375 So.2d 1299 (Ala.Crim.App.1979).
“ ‘It is within the province of the jury to decide whether or not the circumstantial evidence tending to connect the appellant with the crime excludes to a moral certainty every other reasonable hypothesis than that of the appellant’s guilt. If facts are presented from which the jury may reasonably infer that the crime has been committed, although established by circumstantial evidence, the question must be submitted to the jury.’ Mauldin at 791 (citations omitted).”
Rhodes v. State, 580 So.2d 92, 94 (Ala.Cr.App.1991).
After carefully reviewing the record, we conclude that this issue is without merit. The evidence, although circumstantial, was sufficient to support the conviction; the State’s evidence was such that the jury could have by fair inference found the appellant guilty.
For the foregoing reasons, the judgment is hereby affirmed.
AFFIRMED.
All Judges concur.