In Everett Clancy's appeal from his manslaughter conviction, §13A-6-3, Ala. Code 1975, he contends that the prosecution was barred on double-jeopardy grounds and that the trial court erred when it denied his motion to dismiss the case. The majority holds that the prosecution was not barred. I believe that Clancy is entitled to relief on his claim; therefore, I dissent.
During Clancy's first trial, near the end of the defense's case, the State requested that a mistrial be declared. The prosecutor argued that its motion for a mistrial was due to be granted on grounds that several defense witnesses had given inadmissible hearsay testimony regarding unrelated *Page 174 
specific bad acts on the part of the victims. The trial court granted the motion for a mistrial over defense counsel's strenuous opposition. Defense counsel argued, among other things, that the motion for a mistrial was untimely because the prosecutor failed to make the motion until the day after all of the witnesses had testified. The trial court stated:
 "Regarding the State's motion, I have determined that there's certain evidence that would be admissible under certain circumstances, but those circumstances have not been met. In an effort to ensure the State of Alabama and the Defendant a fair trial, I'm going to grant the motion for a mistrial."
(R. 922.) Defense counsel vigorously objected.
The majority concludes that the State's motion for a mistrial was timely presented to the trial court, even though it was made after all of the witnesses had testified and on the day after the objectionable testimony was given. The majority states, "We cannot let our assessment of the correctness of the trial court's ruling hinge, as Clancy urges, on the timing of the State's motion for a mistrial. . . ." 886 So.2d at 170. The majority contends that, because the trial court could have declared a mistrial sua sponte, the timing of the State's motion was somehow rendered irrelevant. Although this is an interesting legal proposition, it does not, in my opinion, represent the law in Alabama. The motion for a mistrial was not timely made because it was not made during each witness's testimony, while the allegedly impermissible testimony was being given. The prosecutor did not move for a mistrial after each witness testified. The prosecutor failed to make the motion until the day after all of the witnesses had testified.
To be timely, a motion for a mistrial must be made immediately after the allegedly improper question or questions are asked. Exparte Marek, 556 So.2d 375, 379 (Ala. 1989). See also Miles v.State, 715 So.2d 913, 917 (Ala.Crim.App. 1997) (motion for mistrial made the day after the allegedly improper questions were asked is untimely).
My research has not revealed a single case in which adefendant's motion for a mistrial, made at any time other thanimmediately after the allegedly improper question or questions were asked, was considered timely. See Smith v. State,745 So.2d 284 (Ala.Crim.App. 1998); Bryant v. State, 727 So.2d 870
(Ala.Crim.App. 1998); Huffman v. State, 706 So.2d 808
(Ala.Crim.App. 1997); LaFontaine v. State, 668 So.2d 119
(Ala.Crim.App. 1995); Wilson v. State, 651 So.2d 1119
(Ala.Crim.App. 1994); Allen v. State, 659 So.2d 135
(Ala.Crim.App. 1994); Alford v. State, 623 So.2d 404
(Ala.Crim.App. 1993); Craig v. State, 616 So.2d 364
(Ala.Crim.App. 1992). To hold that the prosecutor's motion was timely in this case is wholly inconsistent with established precedent and seems to suggest that the prosecution is not held to the same standards regarding timely objections to which defendants are held.
The majority also states that, because the trial court had determined, over the prosecutor's objections, that the prior bad act testimony would be admitted, "the prosecutor could be excused for not immediately asking for the more drastic remedy of a mistrial." 886 So.2d at 170. While a motion for a mistrial can, in certain circumstances, preserve for review lesser prayers for relief such as an objection to allegedly improper testimony, Exparte Marek, 556 So.2d 375, 379 (Ala. 1989), I know of no Alabama caselaw that holds *Page 175 
that an objection to testimony somehow implicitly preserves for review the more drastic motion for mistrial.[3] The majority also alleges that the delayed motion for a mistrial was justified because "the full deleterious effect of the improperly admitted evidence did not accrue until all four witnesses had been allowed to testify." 886 So.2d at 170. The prosecutor did not raise this "cumulative error" argument in his motion for a mistrial. He merely argued that the court's previous ruling on prior bad act testimony had been incorrect, and the court agreed. Thus, the Court's reliance on this "cumulative error" argument is merely an unsuccessful attempt to bootstrap its faulty legal rationale. Finally, the majority alleges, "The timing of the State's motion for a mistrial did not render the mistrial less manifestly necessary and does not undermine the correctness of the trial court's ruling declaring a mistrial." 886 So.2d at 171. The manifest necessity for a mistrial is not the issue here; thetiming of the motion seeking the mistrial is the issue.
Because the State's motion for a mistrial was untimely, the trial court's declaration of a mistrial was improper. Clancy's motion to dismiss the case against him based on the principles of double jeopardy should have been granted. Therefore, I dissent.
[3] The majority asserts that the prosecutor objected to the allegedly improper testimony of each witness as the witness testified, but my review of the record reveals that objections were not made to all of the allegedly improper testimony.